UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY L. WAMPLER,           )
                            )
        Plaintiff,     )   Case No. 1:16-cv-00780-RJJ-PJG
                            )
v.                          )   Honorable Robert J. Jonker
                            )
CAROLYN W. COLVIN           )
ACTING COMMISSIONER OF      )
SOCIAL SECURITY,            )
                            )
        Defendant.     )
_____)

## REPORT AND RECOMMENDATION

This was a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for Disability Insurance Benefits (DIB). On November 9, 2016, after reviewing the stipulation of the parties, this Court entered a judgment reversing the Commissioner's decision and remanding this matter back to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 15). On January 22, 2017, plaintiff filed an unopposed motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 16). For the reasons set forth herein, I recommend that plaintiff's motion be granted, and that a judgment be entered in plaintiff's favor in the amount of $5,700.

## Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d at 725. Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993); 28 U.S.C. § 2412(d)(2)(H). Plaintiff is a financially eligible person under the EAJA. S*ee* 28 U.S.C. § 2412(d)(2)(B). Defendant offers no special circumstances that might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See*

*Scarborough v. Principi,* 541 U.S. 401, 414 (2004); *Peck v. Commissioner,* 165 F. App'x 443, 446 (6th Cir. 2006).  Accordingly, plaintiff is entitled to an award of attorney's fees under the EAJA.

### 1. Hours Claimed

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).  The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  Plaintiff seeks compensation for 38 hours in attorney time. (ECF No. 16-3, PageID.397-98).  Defendant does not oppose counsel's request. (ECF No. 17, PageID.461).

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for DIB and SSI benefits is in the range of 15 to 30 hours. *See Flamboe v. Commissioner*, No. 1:12-cv-606, 2013 WL 1914546, at * 2 (W.D. Mich. May 8, 2013); *see also Fredericks v. Commissioner*, No. 1:12-cv-1234, 2014 WL 4057794, at * 2 (W.D. Mich. Aug. 14, 2014); *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at * 2 (W.D. Mich. Mar. 19, 2012) (collecting cases).  The Sixth Circuit has found that "the average number of

hours for an attorney to work on a social security case ranges from 30 to 40 hours." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 420 (6th Cir. 1990). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule[.]" *Flamboe v. Commissioner*, 2013 WL 1914546, at * 2 (quoting *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL1063476, at * 4 (S.D. Ohio Mar. 14, 2013)).

Having reviewed the record, I find that 38 hours is not unreasonable for the work performed in this case.

### 2. Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover attorney's fees at a rate of $175 for work performed in this Court. (ECF No. 16, PageID.381). *See also* (ECF No. 16-3, PageID.399). The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(d)(2)(A).  The Supreme Court has determined that the statutory $125-per-hour cap applies "in the mine run of cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

No consensus has emerged in this Court regarding whether the State Bar of Michigan's Economics of Law Practice Survey is sufficient evidence to justify a departure above the statutory $125 per hour cap to an hourly rate of up to $175 per hour.  *Compare Sorensen v. Commissioner*, No. 1:14-cv-719, 2015 WL 1003098, at * 2-4 (W.D. Mich. Mar. 5, 2015) ($125 per hour) *with Shellman v. Commissioner*, No. 1:13-cv-959, 2014 WL 1875107, at * 2 (W.D. Mich. May 8, 2014) ($175 per hour).

In *Thompson v. Commissioner*, Chief Judge Jonker found that the State Bar survey did not warrant a rate above the statutory cap:

> The Michigan Bar survey of attorney rates is [] insufficient.  In the first place, the survey is fairly generic and does not in any way drill down to social security practitioners specifically.  Moreover, a market rate survey is not necessarily probative of a fair rate of compensation under the EAJA.  There certainly does not appear to be a shortage of practitioners ready to take on the Commission for a chance at the EAJA rate. Finally, the Commissioner's acquiesce is not decisive.  The Court has an independent obligation to evaluate the rates.

No. 1:13-cv-1027, 2014 WL 4080417, at * 1 (W.D. Mich. Aug. 14, 2014).

In *Harrington v. Commissioner*, No. 1:13-cv-1373, 2015 WL 1781480, at *2 (W.D. Mich. Apr. 20, 2015), Judge Neff noted that it is not sufficient to simply point to other cases where rates higher than the statutory cap were

-5-

approved.  Judge Neff and other judges of this Court have recently approved an hourly rate as high as $175 per hour, but it is not a default rate, and each application must be evaluated on its own merit.  *See Havens v. Commissioner*, No. 1:13-cv-938, 2015 WL 5918736, at * 2-3 (W.D. Mich. Oct. 9, 2015); *accord Malone v. Commissioner*, No. 1:13-cv-821, 2015 WL 6159404, at * 2 (W.D. Mich. Oct. 20, 2015); *Bradford v. Commissioner*, No. 1:14-cv-1061, 2015 WL 5793302, at * 2-3 (W.D. Mich. Oct. 1, 2015); *Martin v. Commissioner*, 1:12-cv-1030, 2015 WL 3513770, at * 2-3 (W.D. Mich. June 4, 2015).

The combination of the evidence plaintiff presented and the recent decisions of this Court cited above support a $175 rate under the EAJA. Multiplying the 38 hours reasonably expended by counsel by the $175 per hour rate results in a $6,650.00 total.

Plaintiff represents that the parties agreed to a stipulated EAJA fee in the amount of $5,300.00 and costs in the amount of $400.00.[1]  (ECF No. 16-3,

---

[1] While the costs sought in the amount of $400.00 is not itemized as required pursuant to 28 U.S.C. 2412(d)(1)(B), the Court presumes that this cost is in reference to the filing fee paid on June 21, 2016.  *See* (Filing Fee Paid No. 1:16-cv-00780).  Plaintiff can recover her district court filing fee under the EAJA, [and i]t appears that the filing fee is generally considered a 'cost' under 28 U.S.C. § 2412(a)(1)."  *See Lang v. Commissioner*, No. 1:15-cv-1080, 2016 WL 4573874, at * 2 (W.D. Mich. Aug. 8, 2016) (citing *Miller v. Commissioner*, No. 1:12-cv-809, 2013 WL 3283694, at * 2 (W.D. Mich. June 28, 2013)).  *See also Selby v. Commissioner*, No. 1:13-cv-01010, 2016 WL 3390600, at * 2 (W.D. Mich. May 27, 2016) (recommending an award of $400.00 in costs); *Martin v. Commissioner,* No. 1:12-cv-1030, 2015 WL 3513770, at * 1 (W.D. Mich. June 4, 2015) (awarding costs for filing fees in the amount of $350.00).

PageID.399).  *See also* (ECF No. 16, PageID.387).  Dividing the $5,300.00 stipulated attorney's fees award by the $175 per hour rate results in 30.29 hours, which is reasonable for the work performed in this case.

### 3.   Judgment

Plaintiff asks that the EAJA award be made payable to plaintiff's attorney.  (ECF No. 16-14).  The EAJA provides in pertinent part that the Court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A).  Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor.  *See Astrue v. Ratliff*, 560 U.S. at 591-93.  "Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture.  There is a significant potential for conflict among plaintiff, his creditors, and his attorney with regard to the EAJA fees." *Flamboe v. Commissioner*, 2013 WL 1914546, at * 3.  "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay [his] attorney is controlled not by the EAJA but by contract and the law governing that contract."  *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring).  "Plaintiff's contractual obligations to his attorney are not part of this case."  *Flamboe v. Commissioner*, 2013 WL 1914546, at * 3; s*ee Drew v. Commissioner*, No. 1:13-cv-1135, 2014 WL 6680243, at * 2 (W.D. Mich. Nov. 25, 2014).

## Conclusion

For the reasons set forth herein, I recommend that the Court enter an order **GRANTING** plaintiff's motion for an award of EAJA fees in the amount of $5,700.00.  (ECF No. 16).


Dated:   July 6, 2017                                    /s/ Phillip J. Green
                                                                      PHILLIP J. GREEN
                                                                      United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).